UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John X Bell, # 192526, *a/k/a Omar Abdel-Al-Mumit, John Bell, John James Bell,*<br><br>                         Petitioner,<br><br>vs.<br><br>Warden, Kershaw Correctional Institution,<br><br>                         Respondent.<br>_____ | ) C/A No. 2:11-cv -406-HFF-BHH<br>)<br>)<br>)<br>)<br>)  Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.  Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Petitioner is incarcerated at the Kershaw Correctional Institution, serving sentences issued by the General Sessions Court of Aiken County on December 10, 1992.  The sentences were entered following a jury's conviction of Petitioner on criminal charges of murder, kidnaping, and first-degree criminal sexual conduct.  This is the *fifth* attempt by this Petitioner to have this Court review his state convictions under its habeas corpus authority pursuant to § 2254.

**PROCEDURAL BACKGROUND (HISTORY OF PETITIONER'S HABEAS LITIGATION)**

A brief history of Petitioner's habeas corpus filings and relevant state-court litigation follows.[1]

_____

[1]This "history" is derived solely from review of the contents of Petitioner's filings in this case and from review of this Court's records of Petitioner's past filings.  *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal

(continued...)

**Previous cases**:

Petitioner's initial federal habeas corpus petition, raising the issues of "ineffective assistance of counsel; . . . [i]llegal detention and search and seizure violation; . . . [n]o valid search warrant for proceedings; and . . . [i]neffective assistance of appellate counsel," was filed on August 12, 1999, as *Bell v. Moore*, Civil Action No. 4:99-2663-GRA.  Following the required initial review, the petition in that case was served on the respondent.  In response to the petition, the respondent raised the issue of whether or not the petition was untimely and asked the Court to issue a summary judgment in its favor because Petitioner waited too long to file his petition.  The timeliness issue was briefed by both parties.  Over Petitioner's objections, the Court found that the petition was untimely because Petitioner should have filed his petition on or before April 29, 1999, which was one year from the date that the South Carolina Supreme Court issued its April 29, 1998 remittur on his petition for writ of certiorari seeking review of his unsuccessful initial state post-conviction relief (PCR) case, Aiken County Case No. 95-CP-02-112.  The Court found that Petitioner's assertion that he did not personally receive a copy of the South Carolina Supreme Court's order denying review of his initial PCR case until August 17, 1998, nearly four months after it was issued, did not require the Court to apply the doctrine of equitable tolling to save his initial petition from dismissal for untimeliness.  Petitioner's appeal of the Court's decision was dismissed by the Fourth Circuit Court of Appeals, which accepted the Court's decision and denied a certificate of appealability on March 12, 2001.  *See* Fourth Circuit Case No. 00-7392.

Petitioner appears to have thereafter gone back into state court in attempts to litigate at least one other PCR application in Aiken County in 2003, Case no. 03-CP-02-753, and an unsuccessful motion for authorization of a successive habeas corpus petition filed with the Fourth

---

[1](...continued)
court may take judicial notice of the contents of its own records).  No independent review of Petitioner's state-court records was conducted.  As a result, it is entirely possible that Petitioner pursued additional state-court litigation that is not included in this "history."

Circuit Court of Appeals in 2007, Fourth Circuit Case No. 07-154. The Fourth Circuit denied the request for authorization on April 26, 2007; however, despite having not received the required authorization, less than two months later, Petitioner submitted a second § 2254 petition to this Court in *Bell v. Ozmint*, Civil Action No. 8:07-1639. In that petition, the 2003 PCR case and the filing with the Fourth Circuit were referenced, and Petitioner attempted to raise the following grounds for habeas relief: "ineffective assistance of counsel regarding proper defense [alibi, DNA] . . . [h]earsay testimony allowed; photographs never shown to prove case of misgivings (guessing) and ineffective assistance of appellate counsel . . . [j]udge who denied writ denied speedy trial motion saying he didn't remember the case." The Court summarily dismissed this unauthorized second petition, specifically informing Petitioner, among other things, that the dismissal of his initial § 2254 petition due to untimeliness was "with prejudice,"[2] and that, therefore, his failure to obtain the Fourth Circuit's authorization for the second petition was fatal to the case. That case ended on August 1, 2007 and Petitioner did not appeal the Court's final judgment.

Instead, in less than two weeks, Petitioner submitted another (third) document contesting the underlying validity of his 1992 convictions to the Court which he captioned "Petition for Writ of Error Coram Nobis." *Bell v. Reynolds*, Civil Action No. 8:07-2776-GRA. He also filed a separate petition asking for mandamus relief in this same case. Citing numerous cases, statutes, and legal texts, Petitioner argued in that petition the "gross ineffectiveness" of his trial and appellate counsel, claimed that "trial counsel, solicitor and trial judge [are] guilty of misconduct" in connection with this state conviction, and appeared to "question" the "integrity of prior habeas corpus proceeding[s]." The Court addressed the reasons why Petitioner's filing was not a true, or proper, petition for writ of error *coram nobis*, but was, instead, another unauthorized, successive

---

[2] Dismissal of a habeas petition for untimeliness is a decision "on the merits." *See Quezada v. Smith*, 624 F.3d 514, 519–20 (2d Cir.2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction second or successive petitions under § 2244(b)."

§ 2254 petition.   Further, the Court explained why a petition for writ of mandamus was inappropriate under the circumstances, and the case was summarily dismissed over Petitioner's objections.   The Fourth Circuit Court of Appeals found that Petitioner's objections did not sufficiently address the points he sought to raise on appeal and affirmed the dismissal.   Fourth Circuit Case No. 07-7737.

The appeal process on that petition (*Bell v. Reynolds*, Civil Action No. 8:07-2776-GRA) concluded with the issuance of the Fourth Circuit's mandate on July 9, 2008, but while the appeal was pending, on January 28, 2008, Petitioner submitted yet another (his fourth) § 2254 petition to this Court, thus opening the case of *Bell v. South Carolina*, Civil Action No. 8:08-304-GRA.   It was disclosed in that petition that Petitioner had instituted another state PCR application in 2007 in Aiken County: 07-CP-02-808, but that it was dismissed as successive and in violation of the statute of limitations.   In the federal habeas petition, Petitioner claimed that he was being discriminated against and was unable to obtain justice in any of the courts, but especially in the Aiken County courts.   He continued to assert "gross miscarriage of justice, ineffective assistance of counsel, and conflict of interest among the participants in his state court actions."   He claimed that his petition was based on "newly discovered evidence," but he did not indicate that the Fourth Circuit had authorized it.   As a result of the lack of authorization, this Court summarily dismissed Petitioner's fourth petition on April 17, 2008.   Petitioner appealed the dismissal, but the Fourth Circuit denied a certificate of appealability and dismissed the appeal on October 10, 2008.   Fourth Circuit Case no. 08-6717.   It also appears that Petitioner had yet another state PCR application pending in Aiken County during at least part of the time that the appeal to the Fourth Circuit was pending.   *See* Case No. 08-CP-02-0298 (filed on 2/1/2008; dismissed on 10/23/2008).

**Case under review**:

The Petition in this case was submitted to the Kershaw Correctional Institution's mail room on February 17, 2011.   *See Houston v. Lack*, 487 U.S. 266 (1988)(date of submission to prison

4

mail is date of filing).  In addition to his eight-page Petition, Petitioner submitted a massive quantity of copies of state and federal court documents as "attachments" or "exhibits," making his initial submission encompass a total of 655 pages of documents.  In response to the Court's two proper-form orders in this case, Petitioner submitted two partially completed, Court-approved petition forms that have both been docketed and the contents considered as part and partial of the Petition presently under initial review.[3]

In this Petition and the attachments thereto, two more state PCR applications are referenced: Aiken County Case Nos. 2009-CP-02-162 and 2010-CP-02-0598.   The PCR application in Case No. 2009-CP-02-0162 was dismissed by the Aiken County Court of Common Pleas under an order dated September 21, 2009.  In that order, Petitioner was specifically directed to those sections of the South Carolina Code of Laws that generally limit a convicted individual to one PCR application that must be filed *within one year* of date of which the conviction became final and that must include *all* the petitioner's grounds for seeking vacation of his convictions.  He was clearly told that his continued and several PCR filings were in violation of those statutes.  *See* S.C. Code Ann. §§ 17-27-90; 17-27-45(a).  On motion of the State ("a *Maxton* motion"), after finding that Petitioner unreasonably continued to file frivolous PCR applications and accompanying documentation with the Court and that the filings had risen to the point of  being repetitive and frivolous and a burden on the resources of the court, the PCR court also ruled that no future filings would be accepted from Petitioner without a proper filing fee and a notarized statement of Plaintiff's good-faith belief that his filing is not frivolous.  Such limitations on future *pro se* filings

---

[3] It is acknowledged that Petitioner did submit a partially completed form in response to the initial Order issued in this case (ECF No. 5); however, he did not, as directed, write this case number on that petition form (although it was written in the return address on the envelope in which the petition was mailed) and clerical error resulted in its being misfiled until discovered when Petitioner responded to the second and final proper-form Order. (ECF No. 13).  The Court regrets any inconvenience this temporary misfiling caused Petitioner, but recognizes that Petitioner, himself, played a part in the problem when he failed to write the case number on the face of the pleading submitted for filing.

by prisoners is allowed under *In re Maxton*, 478 S.E.2d 679 (S.C. 1996)(filing fee will be charged for additional *pro se* petitions filed after the petitioner gets to file his first petition for certiorari review of a PCR decision free).[4]  On September 9, 2009, the Supreme Court of South Carolina dismissed Petitioner's appeal from that denial of PCR and the *Maxton* order because of inadequate perfection of the appeal by Petitioner.  It is unclear precisely what grounds for relief were stated in the 2010 PCR case: Case No. 2010-CP-02-0598, but it is clear that it was, again, dismissed as successive and untimely.  Petitioner attempted to appeal the "conditional order" in that case to the Supreme Court, but the notice of appeal was dismissed on January 4, 2011, because the order he attempted to appeal was not "final."  After exhausting further attempts to have the Supreme Court reinstate the appeal, which were rejected, and an unsuccessful attempt to file a "petition for writ of habeas corpus" in the South Carolina Supreme Court, Petitioner submitted this federal habeas corpus case.

In this case, Petitioner states that he is "dismayed" at the unsuccessful result of his recent state court collateral attacks on his conviction, both of which were ultimately dismissed as successive and both of which were apparently not reviewed on the merits by the Supreme Court because Petitioner did not pay the $ 25 filing fee as required under the *Maxton* orders previously entered against him or on other "technical" grounds.  The grounds for relief that are specifically alleged in this Petition are: "state never gave Petitioner a PCR hearing according to the rules of court : Floyd v. State, 400 S.E. 2d 145 . . . state failed to supply rule 5 . . .  photographs . . . ." (ECF No. 1, attachment 17).  Generally, when one considers the Petition and all attachments thereto as a whole, Petitioner includes all the claims he attempted to raise in all of his previously dismissed federal habeas cases and, additionally, claims that he has been denied "due process" and "equal protection" by both the federal and state courts since the conclusion of his initial,

---

[4] On January 19, 2006, Petitioner was placed under a *Maxton* order in the South Carolina Supreme Court in the same order that dismissed a mandamus action he had filed in that court on January 6, 2006.

untimely § 2254 petition in 2000.

Petitioner states in his Answers to the Court's Special Interrogatories (ECF No. 9) that he sought and received authorization from the Fourth Circuit Court of Appeals to file this Petition. Although requested to do so, he did not provide the Court with a copy of said authorization, instead responding to the question "n/a," which response the Court does not understand. Does Petitioner mean that he has such documentation, but it is currently "not available"? Or does Petitioner mean that the provision of such documentation is "not allowed"? Regardless of the true meaning of "n/a" in Petitioner's mind, an independent search of the Fourth Circuit's current docket using Plaintiff's legal name and all of his aliases does not disclose that he filed a petition seeking authorization and fails to disclose that any order granting such authorization has issued to Petitioner within the last two years. *See* https://ecf.ca4.uscourts.gov/cmecf/servlet/TransportRoom (last consulted 4/12/2011). Petitioner's refusal to provide the requested authorization documentation from the Fourth Circuit Court of Appeals, despite his obvious ability to provide massive quantities of copies of all sorts of court documents from both state and federal courts going back all the way to 1995 as attachments to his pleadings, leads the undersigned to reject his statement that he did obtain authorization before filing this case. Without the required documentary proof, this Petition is deemed unauthorized regardless of Petitioner's interrogatory answer. However, such questionable responses by Petitioner on official court documents cannot be countenanced by this Court.

**Possible imposition of sanctions:**

> **It appears that Petitioner has a propensity to file frivolous petitions and to provide questionable responses to direct inquiries from the Court in connection with such filings, and that he will continue to pursue such activity which results in waste of this Court's precious judicial resources unless restrictions are placed on Petitioner's future**

submissions to the Court. The following civil actions based on petitions for extraordinary relief recently filed by Petitioner *pro se* have been summarily dismissed by the Court due to frivolity, maliciousness, or failure to state a claim upon which relief may be granted: Civil Action Nos. 8:08-3799 (mandamus); 8:08-304 (habeas); 8:07-2776 (habeas, mandamus); 8:07-1639 (habeas). Petitioner is hereby admonished that further filing of frivolous or vexational petitions in this Court may lead to the imposition of sanctions by this Court. The sanctions which the Court may consider include, but are not limited to, the imposition of a filing injunction order placing restrictions on the types of cases Petitioner may file and the manner in which they must be submitted; monetary sanctions that will have to be satisfied before any further filings may be made; dismissal of any action; entry of an order fo contempt of court; and any and all other forms of sanctions available under Federal Rule of Civil Procedure 11.

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147,

8

1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## LEGAL ANALYSIS

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, NO. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010). The Petition filed in this case is clearly a successive petition since, even though it contains allegations of wrongdoing in the state PCR process that has taken place since the time that Petitioner's criminal convictions became final, it also raises claims against the underlying validity of the 1992 convictions (ineffective assistance of counsel, improper admission/exclusion of evidence at trial) which could have been brought and considered in his first habeas case had it been filed in a timely manner. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). The Petition filed in this case should be dismissed as successive because Petitioner's procedural history in this Court, as previously stated, shows that Petitioner's initial § 2254 petition for writ of habeas corpus based on his 1992 Aiken County convictions was filed too late and he did not obtained authorization from the Fourth Circuit Court of Appeals to file the Petition in this case. The applicable case law indicates that determinations that habeas corpus petitions are

untimely are, in fact, considerations "on the merits" of the petition and put into place the statutory rule against future unauthorized petitions.  *See supra* note 1; *see, e.g.*,  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."); *Malone v. Workman*, 282 F. App'x 686, 689 (10th Cir.  2008) (same); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir.2006) (same); *Pavlovsky v. VanNatta*, 431 F. 3d 1063, 1064 (7th Cir.  2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation.").

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254.  *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted).  On April 24, 1996, the President of the United States signed into law the Anti-Terrorism and Effective  Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts.  Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief.  *See Felker v. Turpin*, 518 U.S. 651, 657 (1996).  Under the AEDPA, an individual may not file a second or successive §  2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate  circuit  court  of  appeals.  *See In re Vial*, 115 F.3d at 1194.[5]  The "gatekeeping"

---

[5] Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. §

(continued...)

mechanism created by the AEDPA added section 2244(3)(A) to provide:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Since at least 2007, Petitioner has been more than amply informed of his obligation to obtain authorization from the Fourth Circuit Court before submitting another habeas corpus petition to this Court. Nevertheless, he has continued to file additional, unauthorized petitions, including the one in this case. Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition, this Court does not have jurisdiction to consider it, and it is subject to summary dismissal without service on the Respondent. *See Romandine v. U. S.*, 206 F.3d 731, 734 (7th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000); *United States v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999); *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent.

It is further recommended that the United States District Judge assigned to this case consider the entry of sanctions against Petitioner as a result of Petitioner's exhibited tendency to file frivolous and vexatious habeas corpus and other petitions and to create excessive waste of judicial resources should Petitioner's troublesome actions continue. It is recommended that

---

[5](...continued)
2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie to the applicable court of appeals showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

sanctions be entered if Petitioner files one more frivolous or vexatious petition for extraordinary relief (habeas, mandamus, prohibition, etc.) in this Court.

Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

April 14, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

Post Office Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v.*

13

*Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).